DONNA YEAGER *v.* MARIA ALVAREZ ET AL.
(AC 32702)

Lavine, Beach and Alvord, Js.

Argued November 18, 2011—officially released March 6, 2012

*Dana M. Hrelic*, with whom was *Karen L. Dowd*, for the appellant (plaintiff).

*Bridget M. Ciarlo*, for the appellee (intervening plaintiff).

*Opinion*

BEACH, J. This case presents the issue of how proceeds of a negligence action are to be distributed between the employer, which intervened for the purpose of recovering workers' compensation payments, and the employee's attorney. We hold that the "reasonable and necessary" expenditures recoverable under General Statutes § 31-293 (a) are different from the enumerated fees and costs recoverable from an opposing party in a civil action. The plaintiff-employee, Donna Yeager, appeals from the trial court's judgment granting the motion of the intervening plaintiff-employer, Priority Care, Inc. (Priority Care), for apportionment and ordering that $170,000 be paid to Priority Care and $30,000 remain in escrow for future determination of appellate legal fees.[1] On appeal, the plaintiff claims that the court erred by failing to deduct from the amount available for apportionment to Priority Care all her reasonable and necessary expenditures incurred in

---

[1] The plaintiff brought this action against the defendants Maria Alvarez and Benito Alvarez doing business as Benny's Used Cars, also known as Benny's Auto Repair, Benny's Used Cars and Benny's Auto Repair. Only the plaintiff and Priority Care are parties to this appeal.

effecting recovery pursuant to § 31-293 (a). We reverse the judgment of the trial court and remand the matter for further proceedings.

The court found the following facts in its memorandum of decision issued July 19, 2010. "This action arises out of a motor vehicle accident that occurred in Waterbury . . . on September 7, 2006, wherein the plaintiff, Donna Yeager, while in the course of her employment was struck from behind by an automobile operated by one defendant, Maria Alvarez. On May 2, 2007, the plaintiff's employer Priority Care . . . moved to intervene because it had become obligated to make certain payments to and on behalf of the plaintiff in accordance with the workers' compensation laws of Connecticut. This motion was granted on May [14], 2007, by *Agati*, *J.* On June 4, 2009, after a trial to a jury . . . the plaintiff was awarded $396,242 in economic damages and $983,998 in noneconomic damages for a total award of $1,380,240. Thereafter, the defendants' insurance company tendered $300,000—the full amount of the [defendants'] insurance policy. By agreement of [Priority Care's] counsel and counsel for the plaintiff, the plaintiff's attorney was allowed to take the sum of $100,000 as a legal fee, leaving the remaining $200,000 in escrow.

"[Priority Care had] . . . filed a motion for apportionment on August [13], 2008, and now seeks payment of all the remaining funds pursuant to . . . § 31-293, part of the Workers' Compensation Act. On March 23, 2010, counsel for the plaintiff filed a memorandum in opposition to this motion. The court held a hearing on this matter on March 25, 2010. At this hearing, [Priority Care] notified the court that as of March 25, 2010, it had paid the sum of $235,179.97, consisting of $119,142.23 in medical payments and $116,037.74 in compensation benefits. In addition, the plaintiff has a check for $19,166.66 for costs pursuant to the court's original ruling on the bill of costs and the plaintiff's motion for

review of the order of taxation.[2] On April 9, 2010, the plaintiff filed an affidavit of her attorney, Michael D'Amico, with thirty-five exhibits to support her request for additional attorney's fees and costs. On May 7, 2010, [Priority Care] filed a response to the plaintiff's March 23, 2010 memorandum and an objection to the affidavit filed by the plaintiff. The plaintiff filed a reply to [Priority Care's] memorandum on May [19], 2010."

The court concluded, inter alia, that "the plaintiff has improperly raised issues of additional costs at a hearing for a motion for apportionment." It cited Practice Book § 18-5, which provides in relevant part: "(a) Except as otherwise provided in this section, costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. . . . (b) Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk. . . ." The court held that "the plaintiff's costs are incorrectly before the court" because (1) "no formal motion to review the costs taxed is before the court"; (2) "the plaintiff has already had one opportunity to move the court to approve her bill of costs and most of these expenses were not raised at that time";[3] and (3) "Practice Book § 18-5 requires a motion to review to be brought within twenty days of a ruling," which motion was not brought by the plaintiff, or alternatively, "[e]ven if the court treated the plaintiff's argument as its own motion," it was not timely. Applying

---

[2] The plaintiff originally sought $28,946.16 in her bill of costs. The court granted a portion of the plaintiff's bill of costs and subsequently granted the plaintiff's motion for review, granting an additional $10,725 for expert witness fees.

[3] At the hearing on the motion for apportionment, the plaintiff's counsel indicated that examples of expenditures incurred by the plaintiff in the present case that would not be taxable included production and copying of medical records, obtaining final reports from the plaintiff's treating doctors and conferences with medical providers.

the language of § 31-293 (a), the court held that Priority Care was entitled to the remaining $200,000 in satisfaction of the $235,179.97 lien. It also ordered that $30,000 remain in escrow for reasonable appellate attorney's fees.

Subsequently, the plaintiff filed a motion to reargue the court's decision, and Priority Care filed motions for payment,[4] for reargument and reconsideration of the order of escrow of $30,000 and for articulation and/or clarification. The court granted Priority Care's motion for payment and denied both parties' motions for reargument and reconsideration as well as Priority Care's motion for articulation and/or clarification. The plaintiff thereafter filed the present appeal from the order granting the motion for apportionment, and Priority Care filed a cross appeal, which was dismissed for lack of a final judgment because the amount of attorney's fees had not yet been determined.[5]

The plaintiff argues that the court erred by failing to deduct her reasonable and necessary expenditures incurred in effecting recovery against the defendants

[4] Priority Care filed a motion for an order requiring the plaintiff immediately to pay Priority Care $137,724.56—the portion of the $200,000 that did not include the $30,000 in escrow and the $32,275.44 that the plaintiff argued in her motion to reargue that she was entitled to for expenses incurred in effecting the recovery.

[5] On July 21, 2009, the plaintiff filed another appeal from the underlying action regarding the ruling of the court to strike the plaintiff's offer of compromise on the ground that she had not made full disclosure of the extent of her injuries, and, thus, the defendants could not properly evaluate the offer. *Yeager* v. *Alvarez*, 302 Conn. 772, 774, 31 A.3d 794 (2011). The appeal was transferred to our Supreme Court, and it issued its decision on November 22, 2011. It held that the court had the authority to strike an otherwise valid offer of compromise from the case file as a discovery sanction, but the trial court abused its discretion when it struck the offer of compromise from the record as a sanction for the plaintiff's alleged failure to fulfill her disclosure obligations. Id., 790–91. At oral argument before this court, the parties agreed that our Supreme Court decision has no bearing on the present case.

pursuant to § 31-293 (a) prior to apportioning the damages to Priority Care. Specifically, she argues that the "reasonable and necessary" expenditures recoverable under § 31-293 (a) are different from the enumerated fees and costs recoverable by a party in a civil action pursuant to General Statutes § 52-257. At oral argument before this court, the plaintiff asserted that if she were to prevail, the proper remedy is a remand to the court for a hearing to determine which, if any, of her claimed expenditures are reasonable and necessary pursuant to § 31-293 (a). We agree with the plaintiff.

Because this issue involves examining § 31-293 (a) and a rule of practice, it presents an issue of interpretive construction over which we exercise plenary review. See *Mayfield* v. *Goshen Volunteer Fire Co.*, 301 Conn. 739, 744, 22 A.3d 1251 (2011); see also *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010) ("[t]he interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation" [internal quotation marks omitted]). "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . In seeking to determine [the] meaning [of a statute] . . . [we] . . . first . . . consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general

subject matter . . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted.) *Thomas* v. *Dept. of Developmental Services,* 297 Conn. 391, 399, 999 A.2d 682 (2010).

We begin, therefore, with the language of § 31-293 (a). Section 31-293 (a) is part of the Workers' Compensation Act; General Statutes § 31-275 et seq.; and provides in relevant part: "If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. . . . If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. . . ."

The language of the statute and its relationship to Practice Book § 18-5 are clear. Section 31-293 (a) provides in relevant part that an employer that pays workers' compensation benefits to an injured employee is entitled to reimbursement for those payments *"after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. . . ."* (Emphasis added.) The court concluded that, because the plaintiff did not list in her bill of costs payable by the defendants the additional expenses she sought to have deducted from the damages apportionment pursuant to § 31-293 (a), she could not properly request such expenses at a hearing for a motion for apportionment.

The language of § 31-293 (a) and Practice Book § 18-5 does not support such a reading. The court relied on Practice Book § 18-5 (a), which provides in relevant part that "costs may be taxed by the clerk in civil cases . . . ." Various statutory provisions, including § 52-257 (fees of parties in civil actions), General Statutes §§ 52-258 (jury fees), 52-259 (court fees), 52-260 (witness fees) and 52-261 (fees and expenses of officers and persons serving process or performing other duties), list specific enumerated costs that are recoverable from a defendant in a bill of costs.[6] Section 31-293 (a) provides for the deduction of "reasonable and necessary expenditures" from the apportionment of damages to an employer-coplaintiff. Section 31-293 (a) does not enumerate recoverable expenditures; rather, it leaves to the discretion of the court to determine which expenditures are reasonable and necessary. Cf. *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 429, 922 A.2d 1056 (2007) ("the costs to be included in a bill of costs generally are of a type that may be granted automatically by the court clerk").

We note also the absence of a cross-reference between § 31-293 (a) and the statutes providing enumerated costs; the plain language of the § 31-293 (a) does not place a restriction on reasonable and necessary expenditures rendering them coterminous with those costs listed in a bill of costs. The legislature knows how to create limitations, and it has chosen to limit expenditures recoverable under § 31-293 (a) only by their reasonableness and necessity. See *Cruz* v. *Montanez*, 294 Conn. 357, 370, 984 A.2d 705 (2009) ("we may presume that, if the legislature had intended to limit the apportionment of damages under § 31-293 [a] . . . it would have done so explicitly"). Accordingly,

[6] In the present case, costs were taxed by the clerk pursuant to §§ 52-257 and 52-260.

by its terms, § 31-293 (a) is not limited to the enumerated costs recoverable in a bill of costs.

This reading is further supported by the distinction between "costs" and "expenditures." Our Supreme Court has stated that "costs are a creature of statute, and, therefore, a court may not tax a cost unless it is clearly empowered to do so . . . ." *Levesque* v. *Bristol Hospital, Inc.*, 286 Conn. 234, 262, 943 A.2d 430 (2008). Further, "[t]he term 'costs' is a term of art having a limited, well-defined legal meaning as statutory allowances to a prevailing party in a judicial action in order to reimburse him or her for expenses incurred in prosecuting or defending the proceeding. . . . Costs are not synonymous with expenses. Because 'costs' are limited to necessary expenses, they may not include everything that a party spends to achieve victory; rather, the term 'expenses' refers to *those expenditures* made by a litigant in connection with an action that are *normally not recoverable from the opponent* but must be borne by the litigant absent a special statute or the exercise of judicial discretion." (Emphasis added.) 20 Am. Jur. 2d 7–8, Costs § 1 (2005). Whereas a bill of costs ordinarily includes only allowances that fit into the limited classification of "costs," § 31-293 (a) uses the broader term "expenditures," which includes expenses ordinarily not recoverable from the opposing party. Such a distinction buttresses our finding of error in the conclusion that claims for expenditures under § 31-293 (a) are limited to those costs listed in a bill of costs.

Our construction of § 31-293 (a) does not lead to an absurd or unworkable result. On the contrary, our holding is consistent with avoiding redundancy among statutes. "It is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions." (Internal quotation marks omitted.) *Lopa* v. *Brinker International, Inc.*, 296 Conn. 426, 433, 994 A.2d 1265 (2010). If reasonable and necessary

expenditures pursuant to § 31-293 (a) were limited to those costs sought in a bill of costs, a question would arise as to the practical purpose of recovery under § 31-293 (a). In effect, if granted, the costs sought in a bill of costs already would have been paid by the opposing party, and a party would not need to request them under § 31-293 (a). Such a result would render the deduction of reasonable and necessary expenses redundant. "Because [e]very word and phrase [of a statute] is presumed to have meaning . . . [a statute] must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) Id. Ordinarily, the only costs recoverable pursuant to a bill of costs are those that are enumerated; therefore, it would be illogical to require a party to include in a bill of costs *all* expenditures that may have been reasonable and necessary.

Additionally, our holding is consistent with two principal purposes of § 31-293 (a), "namely, to ensure that an employer is reimbursed for its expenses and to prevent an injured employee from obtaining a double recovery." *Cardenas* v. *Mixcus*, 264 Conn. 314, 326, 823 A.2d 321 (2003). That is, an employee should not receive workers' compensation payments in addition to the full amount of damages for the same injury from a third party tortfeasor. Allowing a plaintiff the opportunity to recover reasonable and necessary expenditures she incurred by pursuing an action against the party responsible for the injury encourages a fair result in furtherance of "vindicat[ing] both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance." *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 42 Conn. App. 200, 206, 678 A.2d 995 (1996), aff'd, 241 Conn. 170, 695 A.2d 1036 (1997); see *Duni* v. *United Technologies*

*Corp./Pratt & Whitney Aircraft Division*, 239 Conn. 19, 24, 682 A.2d 99 (1996) ("the legislature is presumed to have intended a just and rational result" [internal quotation marks omitted]); 6 A. Larson, The Law of Workmens' Compensation (2011) § 110.02 (discussing fairness achieved by reimbursement of compensation to employer and providing employee with excess). By choosing to join the action of the employee, the employer benefits by recovering from the judgment any workers' compensation benefits it paid to the employee, while the employee bears the litigation expenses during trial. Our conclusion is not inconsistent with the purpose of reimbursing an employer, that has not contributed to the expenses of litigation, or with the purpose of preventing double recovery of the plaintiff, whose recoverable damages are subject to reduction by the amount of the workers' compensation payments of the employer. Accordingly, allowing the plaintiff the opportunity to be reimbursed for reasonable and necessary expenditures not limited to those she listed in a bill of costs does not thwart the objectives of § 31-293 (a).

In contrast to § 31-293 (a), taxation of costs pursuant to Practice Book § 18-5 serves to transfer costs "in a civil action where there is a prevailing party in whose favor a decision or verdict is rendered and judgment entered." *Triangle Contractors, Inc.* v. *Young*, 20 Conn. App. 218, 221, 565 A.2d 262, cert. denied, 213 Conn. 810, 568 A.2d 795 (1989) (construing Practice Book § 412 [now § 18-5]). A prevailing party is "one in whose favor a judgment is rendered, regardless of the amount of damages awarded." 20 Am. Jur. 2d 15, supra, § 11. In the present case, the parties involved are a plaintiff and an intervening plaintiff, rather than opposing parties. Neither is nonprevailing. See *Barry* v. *Quality Steel Products, Inc.*, 280 Conn. 1, 24, 905 A.2d 55 (2006) ("fees and costs . . . ordinarily are awarded to the party that prevails in the case and, until there is a prevailing party,

they do not arise" [internal quotation marks omitted]). Section 31-293 (a) and Practice Book § 18-5 have distinct purposes, and we do not apply one to limit the other in contravention of the clear and unambiguous language of § 31-293 (a).

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.