******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LISA BRUNO *v.* REED WHIPPLE ET AL.
## (AC 43880)

Alvord, Moll and Vertefeuille, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant H Co. for, inter
alia, breach of contract, in connection with its construction of a new
home. The jury returned a verdict in favor of H Co. on the breach of
contract claim, indicating in interrogatories that H Co. had breached its
contract with the plaintiff but that the plaintiff had waived that breach.
After the trial court denied the plaintiff's motion to set aside the verdict,
the plaintiff appealed to this court, which concluded that the trial court
improperly denied the motion to set aside the verdict in favor of H Co.
on the breach of contract count concerning the jury's verdict as to
waiver. This court ordered the case to be remanded for a hearing in
damages on the jury's verdict in favor of the plaintiff on her breach of
contract claim. Following a hearing in damages on remand, the trial
court concluded that the plaintiff failed to prove that she was entitled
to actual damages on her claim and rendered judgment in favor of H
Co. The plaintiff appealed to this court, which determined that, despite
her failure to prove actual damages, the plaintiff was entitled to an
award of nominal damages, and, therefore, the trial court erroneously
directed judgment to enter in favor of H Co. This court nevertheless
affirmed the trial court's judgment, concluding that that court's failure
to award nominal damages and to render judgment in the plaintiff's
favor did not constitute reversible error. Thereafter, H Co. filed a motion
for attorney's fees, asserting that, as the prevailing party in the action,
it was entitled under the parties' contract to an award of reasonable
attorney's fees in the amount of $305,533.75. The relevant provision
of the parties' contract provided that the prevailing party in litigation
enforcing the contract shall be entitled to recover reasonable attorney's
fees. The plaintiff subsequently filed a motion for attorney's fees pursu-
ant to the statute (§ 42-150bb) that allows a consumer to recover attor-
ney's fees from a commercial party when the consumer successfully
defends or prosecutes an action based on a contract that provides for
attorney's fees for the commercial party, seeking an award in the exact
amount as H Co. had requested in its motion for attorney's fees. Alterna-
tively, the plaintiff sought attorney's fees and costs under the parties'
contract in the amount of $92,101. In support of her motion, the plaintiff
appended her affidavit with accompanying exhibits comprised of a table
detailing her attorney's fees and other costs, a copy of the contract, and
copies of retainer letters from three law firms and a consultant, whom
she averred worked on her case. Following a hearing, the trial court
denied the parties motions, and the plaintiff appealed and H Co. cross
appealed to this court. *Held*:

1. The trial court properly denied H Co.'s motion for attorney's fees, as H
   Co. was not the prevailing party for purposes of the attorney's fees
   provision of the parties' contract; although this court determined that
   the entry of judgment in favor of H Co. on the plaintiff's breach of
   contract claim did not constitute reversible error, it remained that the
   jury found liability on that claim in favor of the plaintiff, that she was
   entitled to nominal damages, and that the entry of judgment in the
   defendant's favor was in error, and this court would not countenance
   such an error yielding an unintended benefit to H Co. by way of an
   award of reasonable attorney's fees under such circumstances.

2. The plaintiff's claim that the trial court erred in failing to award her
   attorney's fees pursuant to § 42-150bb in the exact amount of attorney's
   fees incurred by H Co. was without merit; even if it is assumed that
   § 42-150bb applied to the parties' contract, the statute does not contain
   language requiring an automatic or presumptive award of attorney's
   fees to a successful consumer in the amount incurred by the commercial
   party, but, rather, a consumer's award pursuant to the statute is limited
   to the terms of the contract, which, in this case, provided that the
   prevailing party in litigation enforcing the contract may recover reason-

able attorney's fees.

3. The trial court did not abuse its discretion in denying the plaintiff's motion for attorney's fees pursuant to the parties' contract: although the plaintiff provided broad descriptions of the services rendered by her attorneys, she did not provide itemized invoices or submit any affidavits or other testimony from them to demonstrate with sufficient detail that they had provided particular services, and, therefore, she left the trial court to rely solely on her representations in her affidavit, her brief descriptions of the attorneys' services, and the retainer letters appended as exhibits, which evidentiary showing rendered her motion little more than a bare request for the fees listed; moreover, this court declined to review the plaintiff's claim that the trial court erred in denying her request for costs, which was embedded in her request for attorney's fees, as it was inadequately briefed, the plaintiff having failed to include in her principal appellate brief any analysis as to the costs she was seeking to recover, the authority pursuant to which they are taxable, and how the documentation she submitted to the trial court was sufficient to support the requested award.

Argued January 11—officially released October 4, 2022

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the court, *Maronich, J.*, granted in part the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court, which dismissed the appeal in part, reversed the judgment in part and remanded the case for further proceedings; thereafter, the matter was tried to the jury before *Doherty, J.*; subsequently, the court, *Doherty, J.*, granted the defendants' motion for permission to file an amended answer and special defense; verdict for the defendants; thereafter, the court, *Doherty, J.*, denied the plaintiff's motion to set aside the verdict and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court; subsequently, the court, *Doherty, J.*, issued an articulation of its decision; thereafter, this court reversed the judgment only as to the jury's verdict on the special defense of waiver and remanded the case for a hearing in damages on the jury's verdict for the plaintiff on her breach of contract claim against the defendant Heritage Homes Construction Company, LLC; subsequently, following a hearing in damages, the court, *Truglia, J.*, rendered judgment for the defendant Heritage Homes Construction Company, LLC, from which the plaintiff appealed to this court, which affirmed the judgment; thereafter, the court, *Brazzel-Massaro, J.*, denied the plaintiff's amended motion to vacate and motion for attorney's fees and costs and the motion for attorney's fees filed by the defendant Heritage Homes Construction Company, LLC, and the plaintiff appealed and the defendant Heritage Homes Construction Company, LLC, cross appealed to this court; subsequently, the appeal was dismissed in part. *Affirmed.*

*Lisa Bruno*, self-represented, the appellant-cross appellee (plaintiff).

*Stephen P. Fogerty*, for the appellee-cross appellant

(defendant Heritage Homes Construction Company, LLC).

*Opinion*

MOLL, J. The plaintiff, Lisa Bruno, appeals, and the defendant Heritage Homes Construction Company, LLC, cross appeals, from the judgment of the trial court denying their respective motions for attorney's fees.[1] On appeal, the plaintiff claims that the court erred by failing to award her (1) attorney's fees pursuant to General Statutes § 42-150bb and/or (2) attorney's fees and other litigation-related costs pursuant to a fee-shifting provision of a construction contract executed by the parties. On cross appeal, the defendant claims that the court improperly denied its motion for attorney's fees because the defendant, not the plaintiff, is the prevailing party in this matter. We conclude that the court did not err in denying both motions for attorney's fees. Accordingly, we affirm the judgment of the trial court.

The following facts, as previously set forth by this court or by the trial court, and complex procedural history are relevant to our resolution of this appeal. "[T]he present case 'arises from dealings between the parties concerning the construction by [the defendant] of a new home in Ridgefield for [the plaintiff] and her former husband . . . .' In her operative complaint, the plaintiff alleged that . . . the defendant breached the construction contract by failing to provide her with (1) invoices on a biweekly basis and (2) written change orders regarding modification to the contract.

"A trial was held in 2013. Following the close of evidence and at the request of the defendant, the court provided the jury with an instruction on the special defense of waiver. The court further instructed the jury to 'separately answer jury interrogatories asking whether it "[found] in favor of [the plaintiff] on her claim of breach of contract against [the defendant]" and, if so, whether "[the plaintiff] waived the breach of contract by the defendant . . . ."' The jury subsequently returned a verdict in favor of the defendant on the breach of contract claim. In so doing, the jury 'expressly' based that verdict 'on its answers to jury interrogatories that (1) [the defendant] had breached its contract with the plaintiff, but (2) the plaintiff had waived that breach.' . . . The trial court denied the plaintiff's subsequent motion to set aside the verdict. . . .

"On appeal [in *Bruno* v. *Whipple*, 162 Conn. App. 186, 130 A.3d 899 (2015), cert. denied, 321 Conn. 901, 138 A.3d 280 (2016)], this court concluded that the trial court improperly denied the motion to set aside the verdict in favor of the defendant on the breach of contract count. As the court stated, the trial court 'abused its discretion by permitting [the defendant] to raise the special defense of waiver for the first time after the close of evidence at trial, as it had not been specially pleaded, the pleadings did not allege any facts support-

ing an inference of waiver, and the claim that the plaintiff knowingly relinquished her contractual rights was not fully litigated at trial without objection by the plaintiff. Accordingly . . . the court should have set aside the jury's verdict as to waiver.' . . .

"In light of that conclusion, this court explained that it 'must now address the scope of the remand of this case to the trial court. Specifically, [it] must determine whether the case should be remanded for a hearing in damages on the plaintiff's breach of contract claim or whether the jury's verdict on her breach of contract claim also must be set aside and remanded for a retrial on that issue.' . . . The court noted that, '[i]n finding in favor of the plaintiff on her breach of contract claim, the jury essentially has determined liability in her favor against [the defendant] and the remaining determination is damages resulting from that breach.' . . . Accordingly, this court concluded that 'because the improper verdict on the special defense of waiver is wholly separable from the verdict in favor of the plaintiff on her breach of contract claim . . . limiting the remand to a hearing in damages on the breach of contract verdict does not work injustice in this case.' . . . The court thus ordered the case to be 'remanded for a hearing in damages on the jury's verdict in favor of the plaintiff on her breach of contract claim.' " (Citations omitted.) *Bruno* v. *Whipple*, 186 Conn. App. 299, 302–304, 199 A.3d 604 (2018), cert. denied, 331 Conn. 911, 203 A.3d 1245 (2019).

On remand, after holding a hearing in damages on January 26, 2017, the court, *Truglia, J.*, issued its memorandum of decision on February 21, 2017. Concluding that the plaintiff had failed to prove by a preponderance of the evidence that she was entitled to compensatory damages on her breach of contract claim, the court rendered judgment in favor of the defendant and against the plaintiff. The court further explained that, in addition to compensatory damages, "[t]he plaintiff . . . claim[ed] attorney's fees and cost[s] incurred in prosecuting this action," as well as statutory fees in accordance with General Statutes §§ 52-245, 52-257, and 52-258 as the prevailing party. The court noted that, although the plaintiff offered her own testimony regarding amounts paid to attorneys and expert witnesses over the course of the litigation,[2] she failed to "introduce into evidence at the hearing in damages affidavits of fees from any of the attorneys or experts (including time records) that she consulted in connection with this case." Ultimately, the court disposed of the plaintiff's claim for attorney's fees and costs in a footnote, stating that, "[i]nsofar as the plaintiff is not the prevailing party in this action, the court makes no award for attorney's fees and costs." The plaintiff then appealed to this court.

On appeal in *Bruno* v. *Whipple*, supra, 186 Conn. App.

299, this court explained: "The plaintiff . . . contends that the court committed reversible error by exceeding the scope of the remand order when it directed judgment to enter in favor of the defendant and against [the] plaintiff on the breach of contract count of the complaint. We agree that the court's directive was improper in light of the prior jury verdict in favor of the plaintiff on that count. Guided by the precedent of our Supreme Court, we nonetheless conclude that the court's directive does not constitute reversible error under the facts of this case. . . .

"In the present case, the jury completed interrogatories indicating that it found that the defendant had breached its contract with the plaintiff. . . . Yet those completed interrogatories also demonstrate that the jury never determined the amount of damages sustained by the plaintiff as a result of that breach. Rather, after finding that the plaintiff had waived her breach of contract claim, the jury proceeded to enter a verdict in favor of the defendant. In light of that procedural history, this court explained that, [i]n finding in favor of the plaintiff on her breach of contract claim, the jury essentially has *determined liability* in her favor against [the defendant] and *the remaining determination is damages resulting from that breach*. . . . Put simply, the plaintiff's damages in this case never were determined by the jury.

"Because the jury's verdict in favor of the plaintiff on the breach of contract count was wholly separable from the jury's improper verdict on the special defense of waiver, the court concluded that limiting the remand to a hearing in damages on the breach of contract verdict does not work injustice in this case. . . . The court thus remanded the case for a hearing in damages on the jury's verdict in favor of the plaintiff on her breach of contract claim." (Citations omitted; emphasis in original; footnotes omitted; internal quotation marks omitted.) Id., 312–14.

This court went on to state: "Following a hearing at which the plaintiff was afforded ample opportunity to present evidence relevant to the issues at hand, the [trial] court . . . found that she had not met her burden in demonstrating that the defendant's conduct, in failing to furnish invoices on a biweekly basis and written change orders, caused the diminution of her marital estate as alleged in the operative complaint. . . . The court, therefore, properly declined to award the actual damages claimed by the plaintiff.

"It nevertheless remains that the jury found that the defendant had breached its contract with the plaintiff . . . thereby establishing the liability of the defendant. . . . When a plaintiff can demonstrate a technical breach of contract, but no pecuniary damages resulting therefrom, the plaintiff is entitled to nominal damages . . . under its breach of contract claim. . . . *Because*

*the defendant's liability was established by the jury verdict in favor of the plaintiff on the breach of contract count, the plaintiff was entitled to an award of nominal damages despite her failure to establish actual damages at the hearing in damages. . . . The trial court, therefore, erroneously directed judgment to enter in favor of the defendant in this case.*" (Citations omitted; emphasis added; footnote omitted; internal quotation marks omitted.) Id., 316–17. This court nonetheless concluded that the failure of the trial court to award nominal damages and to render judgment in favor of the plaintiff on her breach of contract count did not constitute *reversible* error and, accordingly, affirmed the trial court's judgment in favor of the defendant. Id., 319. On March 27, 2019, our Supreme Court denied the plaintiff's petition for certification to appeal from the judgment of this court; *Bruno* v. *Whipple*, 331 Conn. 911, 203 A.3d 1245 (2019); and, on May 22, 2019, the court denied the plaintiff's motion for reconsideration en banc of that denial.

At the time of the Supreme Court's denial of the plaintiff's motion for reconsideration en banc, a motion for attorney's fees, which had been filed by the defendant on March 21, 2017, remained pending before the trial court.[3] On May 29, 2019, the defendant filed a supplemental motion for attorney's fees pursuant to Practice Book § 11-21 (defendant's motion for attorney's fees). In that motion, the defendant adopted and incorporated its March 21, 2017 motion and contended that, because it was the prevailing party in the litigation, it was entitled under the parties' contract[4] to an award of reasonable attorney's fees in the amount of $305,533.75.

On June 21, 2019, the plaintiff filed a motion for attorney's fees with the trial court. In that motion, the plaintiff sought "an award of attorney's fees pursuant to . . . § 42-150bb in the amount of $305,533.75 [i.e., the amount requested by the defendant] or, in the alternative, pursuant to the terms of the contract between the parties . . . an award of attorney's fees and expenses of $92,101 [i.e., the amount that the plaintiff claimed to have incurred]." In support of her motion, the plaintiff appended her own affidavit with accompanying exhibits, comprised of (1) a table detailing her attorney's fees and other costs, (2) a copy of the executed construction contract dated October 28, 2004, and (3) copies of retainer letters from three law firms and one consultant, whom the plaintiff averred worked on her case. On June 28, 2019, the defendant filed an objection to the plaintiff's motion for attorney's fees, contending that the plaintiff was not entitled to attorney's fees because she was not the prevailing party. On July 17, 2019, the plaintiff filed a reply to the defendant's objection, as well as an objection to the defendant's motion for attorney's fees.

On July 3, 2019, the plaintiff filed a motion to vacate

the trial court's February 21, 2017 judgment, which this court had affirmed. See *Bruno* v. *Whipple*, supra, 186 Conn. App. 319. On July 30, 2019, the plaintiff filed an amended motion to vacate. On September 16, 2019, the court, *Brazzel-Massaro, J.*, held a hearing on the parties' respective motions for attorney's fees and the plaintiff's amended motion to vacate.

On January 14, 2020, the court issued a memorandum of decision denying the plaintiff's amended motion to vacate. The court explained that the plaintiff's "amended motion to vacate a decision of another Superior Court trial judge is not within this court's authority [and] would result in this court not only usurping the authority of another trial court but more importantly in this case, the appellate courts."

On January 17, 2020, the court issued a memorandum of decision denying (1) the defendant's motion for attorney's fees, and (2) the plaintiff's motion for attorney's fees, including the plaintiff's embedded request for an award of costs. In denying the defendant's motion for attorney's fees, in which the defendant claimed it was the prevailing party, the court explained that, in *Bruno* v. *Whipple*, supra, 186 Conn. App. 299, this court "clearly [found] that the plaintiff is the successful party on the breach of contract provision but the failure to award at a minimum nominal damages was not clearly erroneous so as to reverse the findings on the damages. *This cannot be interpreted in any other way except that the plaintiff prevailed on the breach of contract claim.* Therefore, in accordance with *Yeager* v. *Alvarez*, [134 Conn. App. 112, 38 A.3d 1224 (2012)], the plaintiff is considered as the prevailing party even though the court determined she was entitled to no more than nominal damages." (Emphasis added.) In denying the plaintiff's motion for attorney's fees, including her embedded request for costs, the court reasoned: "[T]he court cannot award fees which have absolutely no documentation that could follow the twelve *Johnson*[5] factors such as support for the skill level of the counsel; the work performed and by which counsel, on behalf of the client; the hours devoted; the reputation or experience of the counsel performing the work; and the relationship with the client. The support that the plaintiff has submitted for attorney's fees is so lacking in detail that no award can be made for attorney's fees for the plaintiff." With respect to the plaintiff's embedded request for costs, the court stated: "Once again, the plaintiff has failed to include any supporting documentation for those costs that would be permitted pursuant to either the contract interpretation or the statutory cost. The plaintiff has included the costs as part of the motion for attorney's fees and has not submitted a separate bill of costs. The submission for the costs [is] denied." (Footnote omitted.) This appeal and cross appeal followed.[6] Additional facts will be set forth as necessary.

I

We begin by addressing the defendant's claim in its cross appeal that it is the prevailing party—a claim that, if we were to agree, would be dispositive of both the appeal and the cross appeal. On cross appeal, the defendant claims that, because it is the prevailing party, and the plaintiff is not, the trial court improperly denied its motion for attorney's fees under the parties' contract. See footnote 4 of this opinion. We disagree.

By way of brief review, in *Bruno* v. *Whipple*, supra, 186 Conn. App. 299, this court concluded that, despite the plaintiff's failure to prove actual damages resulting from the defendant's breach of the parties' contract, it nevertheless remained that the plaintiff had proven a technical breach of contract, which entitled her to nominal damages. Id., 316–17. We then determined that "[t]he trial court, therefore, erroneously directed judgment to enter in favor of the defendant in this case." Id., 317. Adhering to Supreme Court precedent and its progeny in this court, however, and not directly presented with the prevailing party question, we applied the general rule that our appellate courts will not reverse a judgment and grant a new trial for a mere failure to award nominal damages. Id., 318; see, e.g., *Hi-Ho Tower, Inc.* v. *Com-Tronics, Inc.*, 255 Conn. 20, 37, 761 A.2d 1268 (2000); *Riccio* v. *Abate*, 176 Conn. 415, 418–19, 407 A.2d 1005 (1979); *Sessa* v. *Gigliotti*, 165 Conn. 620, 622, 345 A.2d 45 (1973); *Went* v. *Schmidt*, 117 Conn. 257, 259–60, 167 A. 721 (1933). Whereupon we determined that the trial court's failure to award nominal damages and to render judgment in favor of the plaintiff did not constitute *reversible* error. See *Bruno* v. *Whipple*, supra, 319.

Notwithstanding that the judgment entered in its favor *in error*, the defendant maintains that it is the prevailing party for fee-shifting purposes under the parties' contract. It relies on *Yeager* v. *Alvarez*, supra, 134 Conn. App. 123, for the proposition that "[a] prevailing party is one in whose favor a judgment is rendered, regardless of the amount of damages awarded"; (internal quotation marks omitted); as well as *Wallerstein* v. *Stew Leonard's Dairy*, 258 Conn. 299, 303, 780 A.2d 916 (2001), for the following language: "[I]t is difficult to see why one who has secured a judgment of the court in his favor should not be viewed as a party who has prevailed in the action in question, irrespective of the route by which he received that judgment."

Although these cases stand for the general principle that a prevailing party is one in whose favor judgment is rendered, we conclude that, under the narrow circumstances of this case, the defendant is not the prevailing party for purposes of contractual fee-shifting and an award of costs. "To be a prevailing party does not depend upon the degree of success at different stages of the suit; but upon whether at the end of the suit or

other proceeding, the party, who has made a claim against the other, has successfully maintained it. If he has, he is the prevailing party. Ballentine's Law Dictionary (3d Ed. 1969)." (Internal quotation marks omitted.) *Premier Capital, Inc.* v. *Grossman*, 92 Conn. App. 652, 661, 887 A.2d 887 (2005). Although this court determined that the entry of judgment in favor of the defendant on the plaintiff's breach of contract count did not constitute *reversible* error, it remains that the jury found liability on that count in favor of the plaintiff, she was entitled to nominal damages, and entry of judgment in the defendant's favor was in error. See *Russell* v. *Russell*, 91 Conn. App. 619, 631, 882 A.2d 98 ("[a] party need not prevail on all issues to justify a full award of costs, and it has been held that if the prevailing party obtains judgment on even a fraction of the claims advanced, *or is awarded only nominal damages*, the party may nevertheless be regarded as the prevailing party and thus entitled to an award of costs" (emphasis added; internal quotation marks omitted)), cert. denied, 276 Conn. 924, 888 A.2d 92 (2005), and cert. denied, 276 Conn. 925, 888 A.2d 92 (2005).[7] We will not countenance such an error yielding an unintended benefit to the defendant by way of an award of reasonable attorney's fees under these circumstances. Accordingly, we conclude that the court properly denied the defendant's motion for attorney's fees on the ground that the defendant was not the prevailing party.[8]

II

We next turn to the plaintiff's claims in her direct appeal. The plaintiff claims that the trial court erred by failing to award her (1) attorney's fees pursuant to § 42-150bb, and (2) attorney's fees and costs pursuant to the parties' contract. We address each claim in turn.

A

We first address the plaintiff's claim that the court erred by failing to award her attorney's fees pursuant to § 42-150bb in the exact amount of attorney's fees incurred by the defendant, as set forth in the defendant's May 29, 2019 motion for attorney's fees. This claim is without merit.

We begin by setting forth the following relevant principles of law. "The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citations omitted; internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72–73, 689 A.2d 1097 (1997).

Here, the plaintiff primarily claims that she is entitled to attorney's fees pursuant to § 42-150bb, which we must construe by virtue of the nature of her claim. Because statutory interpretation involves a question of law, our review is plenary.[9] *Bell Atlantic NYNEX Mobile, Inc.* v. *Commissioner of Revenue Services*, 273 Conn. 240, 249, 869 A.2d 611 (2005).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Dish Network, LLC* v. *Commissioner of Revenue Services*, 330 Conn. 280, 291, 193 A.3d 538 (2018).

Section 42-150bb provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. . . . For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

To support her claim that the court erred in denying her motion for attorney's fees pursuant to § 42-150bb, the plaintiff exclusively relies on the proposition that the statute entitles her, as the prevailing party, to an award of attorney's fees in the amount of attorney's fees incurred by the *defendant*, as set forth in its motion for attorney's fees, i.e., $305,533.75. She posits that the defendant's request for such an amount constitutes a judicial admission as to the reasonableness of the attorney's fees to which *she* is entitled. The plaintiff takes this position notwithstanding the fact that, in her motion for attorney's fees, she represented that she had

incurred attorney's fees and costs in the amount of $92,101. We reject the plaintiff's claim.

As a matter of statutory interpretation, the plaintiff's claim is untenable. Assuming arguendo that § 42-150bb applies to the parties' contract, the statute does not contain language requiring an automatic or presumptive award of attorney's fees to a successful consumer *in the amount of attorney's fees incurred by the commercial party*. Rather, § 42-150bb provides that "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." Although § 42-150bb contains language that "an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease," our Supreme Court previously has construed § 42-150bb and held that, by operation of the phrase "the terms governing the size of the fee for the commercial party," a consumer's award of attorney's fees pursuant thereto is limited "by the terms of the consumer contract." *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 73. In *Rizzo Pool Co.*, having reached that conclusion, the court turned to the parties' contract, noted that it contained a clause providing for reasonable attorney's fees, and recited the following principles that are relevant to the present appeal: "Where a contract expressly provides for the recovery of attorney's fees, an award under such a clause requires an evidentiary showing of reasonableness. . . . [T]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." (Citations omitted; internal quotation marks omitted.) Id., 77–78. Thus, in *Rizzo Pool Co.*, the court made clear that the requirement of an evidentiary showing to support a reasonableness finding applies equally to a party's claim for attorney's fees pursuant to § 42-150bb.[10] See id.

Here, as stated previously, the parties' contract contains the following attorney's fees provision: "In the event either party shall bring suit on account of any breach of covenant, agreement, or condition here written or in connection with any work to be completed, the prevailing party in such litigation shall be entitled to reasonable attorney's fees, in addition to the amount of the judgment and costs." By its express language, the provision contains the reciprocity that § 42-150bb was designed to achieve. *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 74–76. That is, the provision expressly provides that the prevailing party may recover "reasonable attorney's fees"; it does not provide for an automatic or presumptive award of attorney's fees to the plaintiff *in the amount incurred by the defendant* in the event the plaintiff became the prevailing party.

On the basis of the foregoing, the plaintiff's claim

that she was entitled to an award of attorney's fees pursuant to § 42-150bb in the amount of attorney's fees incurred by the defendant fails.

B

1

We next address the plaintiff's alternative claim that the court erred by failing to award her attorney's fees pursuant to the parties' contract.[11] Specifically, the plaintiff contends that she satisfied her burden of proof for an award of attorney's fees because she "provided competent evidence [on] which the trial court could have relied . . . to establish an independent basis to determine the reasonableness of the amount of fees ($92,101)" that she claims to have incurred.[12] (Footnote omitted.) We disagree.

We begin by setting forth the relevant standard of review. "It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252–53, 828 A.2d 64 (2003).

It is well settled that, "[e]ven when a party is entitled to [attorney's fees] by contract or under statute . . . the party seeking the award of fees must first satisfy a threshold evidentiary showing." *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 308 Conn. 312, 327, 63 A.3d 896 (2013). As stated by our Supreme Court in *Smith* v. *Snyder*, 267 Conn. 456, 839 A.2d 589 (2004): "We long have held that there is an undisputed requirement that the reasonableness of attorney's fees and costs must be proven by an *appropriate evidentiary showing.* . . . We also have noted that courts have a general knowledge of what would be reasonable compensation for services which are *fairly stated and described* . . . and that [c]ourts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees. . . . Even though a court may employ its own general knowledge in assessing the reasonableness of a claim for attorney's fees, we also have emphasized that no award for an attorney's fee may be made when the evidence is insufficient." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id.,

471–72. "[T]o support an award of attorney's fees, there must be a clearly stated and described factual predicate for the fees sought, apart from the trial court's general knowledge of what constitutes a reasonable fee. Although we have been careful not to limit the contours of what particular factual showing may suffice, our case law demonstrates that a threshold evidentiary showing is a prerequisite to an award of attorney's fees." Id., 477. "Accordingly, when a court is presented with a claim for attorney's fees, the proponent must present to the court . . . a statement of the fees requested and a description of the services rendered." Id., 479. "Parties must supply the court with a description of the nature and extent of the fees sought, to which the court may apply its knowledge and experience in determining the reasonableness of the fees requested." Id., 480; see also *Danbury* v. *Dana Investment Corp.*, 257 Conn. 48, 57, 776 A.2d 438 (2001) ("no award for [attorney's fees] may be made when the evidence is insufficient" (internal quotation marks omitted)); *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 680, 443 A.2d 486 (1982) ("[o]ur cases require an evidentiary showing of reasonableness where recovery is sought under a contract clause which provides for payment of reasonable attorney's fees" (internal quotation marks omitted)).

In the present case, in denying the plaintiff's motion for attorney's fees, the trial court explained: "In the instant application for fees, the plaintiff has not provided the general information that would permit the court to exercise even the initial calculation of the fees based upon hours and fees per hour. For instance, the plaintiff indicates in exhibit 1 [a self-prepared table appended to her affidavit accompanying her motion for attorney's fees] that the fees for Attorney [John] Williams[13] are $40,000 with the calculation based upon a fee of $400 per hour for the services of Attorney Williams. The only supporting documentation from Attorney Williams is a letter dated July 24, 2008, in which the plaintiff agrees to retain counsel for a fee of $400 per hour for Attorney Williams and $250 per hour for work by any associate. . . . The original retainer is $10,000. . . . There are no records supporting payment by the plaintiff, no records of work performed by Attorney Williams or his associates and no evidence in support of the claim of 100 hours of work at $400 per hour. Additionally, the fees noted in the table of fees for Attorney [Christopher G.] Winans[14] and Attorney [James P.] Sexton[15] contain the same difficulties for approval. Neither of the amounts claimed are supported with billing information, and the plaintiff submits retention letters that provide no supporting information of the work completed or background to support the fees requested. . . . This total lack of supporting documentation prohibits this court from determining if the fees should be awarded based upon the [twelve factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*,

488 F.2d 714, 717–19 (5th Cir. 1974)] . . . .

"The plaintiff has argued that the fees are reasonable in comparison to the fees requested by the defendant for this action. However, the court cannot award fees which have absolutely no documentation that could follow the twelve *Johnson* factors . . . . The support that the plaintiff has submitted for attorney's fees is so lacking in detail that no award can be made for attorney's fees for the plaintiff. Thus, the court denies the motion for attorney's fees by the plaintiff." (Citations omitted; footnotes added.)

Upon our careful review of the record, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for attorney's fees. Although the plaintiff provided broad descriptions of the services rendered by each attorney, she did not, for example, provide itemized invoices or submit any affidavits or other testimony from the attorneys to demonstrate with sufficient detail that they had provided particular services. She thus left the trial court to rely solely on her representations in her affidavit, her brief descriptions of the attorney's services, and the retainer letters appended as exhibits. This evidentiary showing renders her motion for attorney's fees little more than "a bare request" for the fees listed. See *Smith* v. *Snyder*, supra, 267 Conn. 480. In sum, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for attorney's fees.

2

We next address the plaintiff's claim that the court erred in denying her request for costs, which was embedded in her motion for attorney's fees. Specifically, the plaintiff argues that the court erred in (1) finding that she provided insufficient supporting documentation to substantiate her request and (2) favoring "form over function" by denying her request on the basis that she did not submit it as a bill of costs. We discern no error.

First, the plaintiff incorrectly argues that the award of "costs" to the prevailing party under the parties' contract is, in her words, "unconditional and unlimited." At the outset, the plaintiff appears to include litigation expenses in her use of the term "costs." Although the parties' contract entitled the prevailing party to the recovery of "costs"; see footnote 4 of this opinion; "costs" and "litigation expenses" are not the same. "The law expects parties to bear their own litigation expenses, except where the legislature has dictated otherwise by way of statute. . . . Costs are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them." (Internal quotation marks omitted.) *Boczer* v. *Sella*, 113 Conn. App. 339, 343, 966 A.2d 326 (2009); see also *Levesque* v. *Bristol Hospital, Inc.*, 286 Conn. 234, 262, 943 A.2d 430 (2008)

("costs are a creature of statute, and, therefore, a court may not tax a cost unless it is clearly empowered to do so"). "[T]he term 'costs' is a term of art having a limited, well-defined legal meaning as statutory allowances to a prevailing party in a judicial action in order to reimburse him or her for expenses incurred in prosecuting or defending the proceeding. . . . Costs are not synonymous with expenses. Because 'costs' are limited to necessary expenses, they may not include everything that a party spends to achieve victory; rather, the term 'expenses' refers to those expenditures made by a litigant in connection with an action that are normally not recoverable from the opponent but must be borne by the litigant absent a special statute or the exercise of judicial discretion." (Emphasis omitted.) *Yeager* v. *Alvarez*, supra, 134 Conn. App. 121. Relatedly, contrary to the plaintiff's position, the fact that the contract is silent as to what evidentiary burden a prevailing party bears in seeking the recovery of costs does not mean that no such burden exists as a matter of law.

Second, to the extent that the plaintiff relies on Practice Book § 18-5,[16] which establishes the general procedure in connection with a prevailing party's filing of a bill of costs in civil cases, the plaintiff's reliance is misplaced. See *Triangle Contractors, Inc.* v. *Young*, 20 Conn. App. 218, 221, 565 A.2d 262, cert. denied, 213 Conn. 810, 568 A.2d 795 (1989) (construing Practice Book § 412 (now § 18-5)). Simply stated, the plaintiff did not file a bill of costs with the court, which would have set into motion the procedure applicable to such a filing. Having failed to file a bill of costs, the plaintiff cannot now complain that the court failed to follow the procedure relating thereto.

Finally, in her principal appellate brief, the plaintiff does not include any analysis as to the costs she was seeking to recover, the authority pursuant to which they are taxable, and how the documentation she submitted to the court was sufficient to support the requested award. See *Boczer* v. *Sella*, supra, 113 Conn. App. 343 ("[c]osts are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them" (internal quotation marks omitted)). " 'Both this court and our Supreme Court "repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." . . . *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016); see also *Parnoff* v. *Mooney*, 132 Conn. App. 512, 518,

35 A.3d 283 (2011) ("[i]t is not the role of this court to undertake the legal research and analyze the facts in support of a claim or argument when it has not been briefed adequately . . . .").' *Seaport Capital Partners, LLC* v. *Speer*, 202 Conn. App. 487, 489–90, 246 A.3d 77, cert. denied, 336 Conn. 942, 250 A.3d 40 (2021); see also Practice Book § 67-4." *Onofrio* v. *Mineri*, 207 Conn. App. 630, 637, 263 A.3d 857 (2021). As a result, we conclude that this claim is inadequately briefed, and we decline to address it further.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As stated by this court in a prior related appeal, "Reed Whipple, who at all relevant times was the owner of Heritage Homes Construction Company, LLC, also was named as a defendant in the plaintiff's complaint. Prior to trial, the court rendered summary judgment in favor of Whipple on the breach of contract and breach of the implied covenant of good faith and fair dealing counts of the operative complaint, which judgment this court affirmed. See *Bruno* v. *Whipple*, 138 Conn. App. 496, 504–13, 54 A.3d 184 (2012). A jury thereafter returned a verdict in favor of Whipple on the third and final count against him, which alleged a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The trial court subsequently denied the plaintiff's posttrial motion to set aside that verdict, and this court affirmed the propriety of that determination on appeal. See *Bruno* v. *Whipple*, [162 Conn. App. 186, 209–12, 130 A.3d 899 (2015), cert. denied, 321 Conn. 901, 138 A.3d 280 (2016)]." *Bruno* v. *Whipple*, 186 Conn. App. 299, 302 n.1, 199 A.3d 604 (2018), cert. denied, 331 Conn. 911, 203 A.3d 1245 (2019). Whipple is not participating in this appeal, and, therefore, we refer in this opinion to Heritage Homes Construction Company, LLC, as the defendant.

[2] The court further stated that the plaintiff also submitted "receipts and other records of costs expended in this action," totaling $11,386.

[3] On March 31, 2017, the plaintiff filed an appeal from the court's February 21, 2017 judgment. On April 13, 2017, the defendant's March 21, 2017 motion for attorney's fees was marked "off."

[4] The parties' contract contains the following attorney's fees provision: "In the event either party shall bring suit on account of any breach of covenant, agreement, or condition here written or in connection with any work to be completed, the prevailing party in such litigation shall be entitled to reasonable attorney's fees, in addition to the amount of the judgment and costs."

[5] *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[6] The plaintiff appealed from the denials of her motion for attorney's fees and her amended motion to vacate. On February 10, 2020, the defendant filed a motion to dismiss, as frivolous, the portion of the plaintiff's appeal taken from the denial of the amended motion to vacate. On April 30, 2020, this court granted the motion to dismiss. The portion of the plaintiff's appeal taken from the denial of her motion for attorney's fees and costs remains before us.

[7] We also note that, in *Simms* v. *Chaisson*, 277 Conn. 319, 890 A.2d 548 (2006), the plaintiffs were awarded nominal damages and statutory attorney's fees on the plaintiffs' claim of intimidation based on bigotry and bias under General Statutes § 52-571c. Id., 320–21. Our Supreme Court indicated that the defendants had conceded that the plaintiffs had prevailed in the action and that the "concession was appropriate because we previously have defined a prevailing party as [a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ." (Emphasis omitted; internal quotation marks omitted.) Id., 325; see also id., 325–26 (citing United States Supreme Court case indicating that party recovering nominal damages nonetheless is prevailing party under 42 U.S.C. § 1988).

[8] In light of the ultimately problematic posture that existed after *Bruno* v. *Whipple*, supra, 186 Conn. App. 299, and to avoid creating confusion for our trial courts, it appears that the better practice would be for our appellate courts to reverse a judgment that erroneously entered in favor of the defending party when the prosecuting party (1) established liability entitling

it to, at a minimum, nominal damages but (2) failed to prove actual damages. See, e.g., *McManus* v. *Roggi*, 78 Conn. App. 288, 304, 826 A.2d 1275 (2003) (reversing judgment in part and remanding case with direction to render judgment in favor of defendant and to award nominal damages with respect to trespass claim); id. ("[a]lthough appellate courts ordinarily will not remand a case for the failure to award nominal damages, they have not hesitated in such circumstances simply to direct the trial court to render judgment for the prevailing party for $1 in nominal damages").

[9] Because our review is plenary, the fact that the trial court did not squarely address the plaintiff's claim under § 42-150bb is of no moment.

[10] We emphasize that the burden to demonstrate reasonableness that *Rizzo Pool Co.* places on the party seeking attorney's fees under § 42-150bb is not obviated by the following language that appears earlier in the decision: "Under § 42-150bb, the court has no latitude to deny [an award of attorney's fees] to a consumer who successfully defends an action brought against him by a commercial party." *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 66. Thus, even though attorney's fees under § 42-150bb, when applicable, are "available . . . by operation of law"; *Meadowbrook Center, Inc.* v. *Buchman*, 169 Conn. App. 527, 532, 151 A.3d 404 (2016), aff'd, 328 Conn. 586, 181 A.3d 550 (2018); the movant must still satisfy her burden to demonstrate reasonableness. See *Smith* v. *Snyder*, 267 Conn. 456, 471, 839 A.2d 589 (2004) ("although [one of the plaintiffs] was entitled to a discretionary award of reasonable attorney's fees in light of the defendants' liability, it was incumbent upon [that plaintiff] to prove the amount of fees to which it was entitled").

[11] See footnote 4 of this opinion.

[12] In her principal appellate brief, the plaintiff also contends that the trial court erred by applying an incorrect legal standard to her motion for attorney's fees, namely, the twelve factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Arguing that this court "has only ever applied [these factors] to cases involving [the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.] and this was not such a case," the plaintiff cites our 2012 decision in *Electrical Wholesalers, Inc.* v. *V.P. Electric, Inc.*, 132 Conn. App. 843, 33 A.3d 828, cert. denied, 303 Conn. 939, 37 A.3d 155 (2012), in which we made a statement to that effect and concluded that the trial court did not abuse its discretion by declining to apply the *Johnson* factors to the plaintiff's motion for contractual attorney's fees. Id., 849–50. The plaintiff ignores, however, subsequent cases of this court permitting the application of such factors in contract cases. See, e.g., *Francini* v. *Riggione*, 193 Conn. App. 321, 331, 219 A.3d 452 (2019). In any event, the trial court in the present case never actually applied the *Johnson* factors to the facts of this case. We need not address further this aspect of the plaintiff's claim because we conclude that the court did not err in rejecting the sufficiency of the plaintiff's threshold evidentiary showing.

[13] In the plaintiff's affidavit, she averred: "Attorney Williams of John Williams and Associates, LLC represented me from October 2008 to May 2010 (1.5 years). I paid an initial retainer of $10,000. The retainer agreement (a true and accurate copy of which is attached as [e]xhibit 3) quotes an hourly rate of $400 per hour. Attorney Williams was involved in writing and filing the complaint (including filing fees) which included reviewing voluminous documents from my divorce action. Attorney Williams was also involved in handling the pleading process, objections to request to revise, motions to strike, etc. I paid Attorney Williams a total of $40,000."

[14] In the plaintiff's affidavit, she averred: "Attorney Winans of Christopher G. Winans, P.C. represented me in this matter from May 2010 to March 2011 (approx 1 year). I paid an initial retainer of $2,500. The retainer agreement (a true and accurate copy of which is attached as [e]xhibit 4) quotes an hourly rate of $250. Attorney Winans was heavily involved in the pursuit of discovery in this matter and assisted me with trial preparation. I paid Attorney Winans a total of $20,000."

[15] In the plaintiff's affidavit, she averred: "Attorney Jay Sexton represented me in filing a [p]etition for [c]ertification to the Supreme Court in 2019. I paid Attorney Sexton an initial retainer of $5000. A true and accurate [copy] of the retainer agreement is attached as [e]xhibit 6. I paid Attorney Sexton a total of $11,719."

[16] Practice Book § 18-5 provides in relevant part: "(a) Except as otherwise provided in this section, costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day

period, notice shall be given to the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk.

"(b) Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk. . . ."

---