******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

DOMINIC LEMMA *v.* YORK AND CHAPEL, CORP.
(AC 43786)

Alvord, Cradle and Eveleigh, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court denying its application to vacate an arbitration award that was rendered against it and granting the application filed by the plaintiff, its former employee, to confirm the award. The plaintiff had claimed that the defendant terminated his employment in violation of a written employment agreement between the parties. During the pendency of the arbitration proceeding, the trial court granted the plaintiff's application for an order pendente lite pursuant to statute (§ 52-422) and for a prejudgment remedy. On appeal, the defendant claimed, inter alia, that the trial court lacked subject matter jurisdiction because the case was commenced with the application for a prejudgment remedy, and the plaintiff thereafter failed to serve and return the summons and complaint to court as required by statute (§ 52-278j). *Held* that the judgment of the trial court was affirmed, as the statutory (§§ 52-417 and 52-418) requirements relevant to the parties' applications to vacate and to confirm the arbitration award clearly were satisfied, the requirements of § 52-278j were inapplicable to proceedings pursuant to § 52-422, and, as the trial court thoroughly addressed the arguments raised in this appeal as to the claim that it erred in confirming the arbitration award, this court adopted the trial court's well reasoned decision as a correct statement of the facts and applicable law on the issues.

Argued March 10—officially released May 4, 2021

*Procedural History*

Application for a prejudgment remedy seeking the attachment or garnishment of certain of the defendant's property, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the plaintiff's application for a prejudgment remedy by agreement of the parties; thereafter, the defendant filed an application to vacate an arbitration award and the plaintiff filed an application to confirm the award; subsequently, the matter was tried to the court, *Pierson, J.*; judgment denying the application to vacate and granting the application to confirm, from which the defendant appealed to this court. *Affirmed.*

*Bruce L. Elstein*, for the appellant (defendant).

*Stephen J. Curley*, for the appellee (plaintiff).

*Opinion*

EVELEIGH, J. The defendant, York & Chapel, Corp., appeals from the judgment of the trial court confirming an arbitration award in favor of the plaintiff, Dominic Lemma. On appeal, the defendant claims that the court (1) lacked subject matter jurisdiction over the case and (2) erred in confirming the arbitration award. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The plaintiff and the defendant entered into an "Executive Agreement" (agreement) on March 2, 2018. Pursuant to the agreement, the defendant employed the plaintiff as "[d]irector of [m]arketing of the [defendant's] wholly-owned [marketing] division," with the plaintiff being responsible for "new business development, client relations, creative direction, and strategic consulting." The plaintiff was to be employed "on a part-time basis for two years . . . [working] [sixteen] hours to [thirty-two] hours . . . per week . . . [for] a salary of [$50,000] on an annualized basis . . . paid in semimonthly installments." The defendant also agreed to reimburse the plaintiff for "all reasonable travel, dining and other ordinary, necessary and reasonable business expenses incurred . . . in the performance of his duties under [the agreement], subject to reasonable budget and/or other limitations or conditions agreed to with [the defendant]." The agreement further provided: "In the event that the [a]greement becomes terminated by [the plaintiff] for cause, [or] by [the defendant] without cause, then . . . [the defendant] shall pay to [the plaintiff] [an] additional severance payment . . . ."

In August, 2018, the defendant terminated the plaintiff's employment. On August 22, 2018, the plaintiff commenced the underlying arbitration action, claiming: "On or about August 15, 2018, [the defendant] terminated [the plaintiff's employment] without cause and without notice. As of that date, [the defendant] had failed to pay [the plaintiff $2083.34] in salary through August 15, 2018. [The defendant] had also failed to reimburse [$4200] in expenses through August 15, 2018. [The defendant] has materially breached the [a]greement. [The plaintiff] claims that he is entitled to damages for his unpaid salary and unreimbursed expenses . . . . In addition, [the plaintiff] is entitled to a [t]ermination [p]ayment as specified . . . [in] the [a]greement . . . [of] . . . at least $29,166.76. Moreover, [the defendant's] breach constitutes a violation of [General Statutes §] 31-72[1] entitling [the plaintiff] to double damages." (Footnote added.)

On September 6, 2018, the plaintiff filed an "application for [an] order pendente lite in aid of arbitration and for [a] prejudgment remedy," claiming "[t]hat there is probable cause that an arbitral award and judgment

. . . will be rendered . . . in favor of [the plaintiff]" and "seek[ing] an order from [the court] directing that an attachment and/or garnishment be granted against sufficient property of [the defendant] in order to secure the sum of $35,450.10." On November 5, 2018, the court entered the following order: "The court by agreement of the parties enters a [prejudgment remedy] in the amount of $35,450.10. The defendant will provide disclosure of assets in this matter and will provide notice when compliance has been made."

The arbitration hearing occurred on May 23, 2019. On July 9, 2019, the arbitrator entered the following award: "The [plaintiff] is entitled to recover the following damages: (a) $1923.07 in salary for the time worked before he received notice of his termination; (b) $2907.73 for uncovered expenses; (c) $33,566.68 as the [t]erminat[ion] [p]ayment under the [a]greement when he was terminated without cause during the first year of the [a]greement; [and] (d) $1923.07 as the amount of unpaid wages doubled under the terms of [§ 31-72]. . . . Therefore the total damages awarded to [the plaintiff] against the [defendant] are $40,320.55. The administrative fees of the American Arbitration Association totaling $2950 and the compensation of the arbitrator totaling $13,350 shall be borne equally by the parties."

On August 2, 2019, the defendant filed an application to vacate the arbitration award, and on August 29, 2019, the plaintiff filed an application to confirm the arbitration award. On December 19, 2019, the court issued its memorandum of decision denying the defendant's application to vacate and granting the plaintiff's application to confirm the arbitration award. It is from that judgment that the defendant appeals. Additional facts and procedural history will be set forth as necessary.

I

We turn first to the defendant's claim—made for the first time on appeal—that the court lacked subject matter jurisdiction over the case. Specifically, the defendant claims that the court "lack[ed] subject matter jurisdiction over the case because it was commenced as a prejudgment remedy and no service and return were timely made after the order entered granting the prejudgment remedy sought in violation of General Statutes § 52-278j . . . ." The plaintiff counters that "[t]he docketed proceeding commenced with an application for an order pendente lite in aid of arbitration pursuant to [General Statutes] § 52-422 rather than an application for [a] prejudgment remedy. Arbitrations do not proceed based upon 'writ, summons and complaint.' As such, there was no signed writ, summons and complaint to serve on [the defendant] and return to court. There was no unsigned writ, summons and complaint for that matter. The requirements of [§ 52-278j] simply do not apply to the circumstances of this case." (Footnote omitted.) We conclude that the court had subject matter

jurisdiction over the case.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citations omitted; internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

In the present case, the plaintiff filed in the Superior Court an application for an order pendente lite, pursuant to § 52-422, which "is a special statutory proceeding" made in support of an arbitration action. *Goodson* v. *State*, 232 Conn. 175, 180, 653 A.2d 177 (1995). Section 52-422 provides in relevant part that "[a]t any time before an award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides . . . may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed." Accordingly, pursuant to § 52-422, during the pendency of an arbitration proceeding and before an award is rendered, a party may file an application with the Superior Court for an order to protect the rights of the parties related to the pending arbitration matter.

The defendant relies on § 52-278j, which provides that, "[i]f an application for a prejudgment remedy is granted but the plaintiff, within thirty days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court shall dismiss the prejudgment remedy." We conclude that the requirements set forth in § 52-278j are inapplicable to proceedings pursuant to § 52-422. Accordingly, we reject the defendant's claim that the court lacked subject matter jurisdiction over the case on the basis of the plaintiff's failure to comply with the requirements set forth in § 52-278j.

General Statutes §§ 52-417 and 52-418 provide the jurisdictional requirements that are relevant to the parties' applications to vacate and confirm the arbitration award. Section 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the

superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. . . .'' Section 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the [stated] defects . . . .'' Because these jurisdictional requirements clearly have been satisfied, we conclude that the trial court had subject matter jurisdiction over the case.

## II

We turn now to the defendant's claim that the trial court erred in confirming the arbitration award. Specifically, the defendant argues that the court erred in confirming the arbitration award (1) "in light of the defendant's request to continue the arbitration hearing for just cause," (2) "when the underlying award required the defendant to pay half of the arbitration fee and denied [the defendant's] request for attorney's fees in direct contravention of the underlying contract," (3) when the underlying award "granted double damages [to the plaintiff] pursuant to . . . § 31-72," and (4) "when the . . . award itself was in excess of the amount demanded by the [plaintiff] in [his] application . . . ."

After a careful examination of the record and the proceedings before the trial court, in addition to the parties' briefs and oral arguments, we conclude that the judgment of the trial court should be affirmed. Because the court thoroughly addressed the arguments that are now before this court on appeal, we adopt its well reasoned decision denying the defendant's application to vacate and granting the plaintiff's application to confirm the arbitration award as a correct statement of the facts and applicable law with respect to these issues. See *Lemma* v. *York & Chapel, Corp.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-18-5016228-S (December 19, 2019) (reprinted at 204 Conn. App.    ,    A.3d    ). Any further discussion of these issues by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee . . . institutes an action to enforce an arbitration award which requires an employer to make an employee whole . . . such employee . . . shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between an employee and his or her employer for payment of wages other than as specified in said sections shall

be no defense to such action. . . ."

_____