******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID PANICCIA *v.* SUCCESS VILLAGE
APARTMENTS, INC., ET AL.
(AC 47026)

Bright, C. J., and Cradle and Seeley, Js.*

*Syllabus*

The plaintiff appealed from the trial court's judgment limiting his recovery of costs pursuant to statute (§ 31-72) to statutory, taxable costs. The plaintiff claimed that the court improperly concluded that costs recoverable under § 31-72 are limited to statutory, taxable costs rather than all reasonable and necessary costs. *Held*:

Pursuant to the binding precedent of this court in *Miller* v. *Guimaraes* (78 Conn. App. 760) and *Arnone* v. *Enfield* (79 Conn. App. 501), this court concluded that costs recoverable under § 31-72 are limited to statutory, taxable costs.

Argued January 9—officially released October 7, 2025

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the case was tried to the court, *Jacobs, J.*; judgment for the plaintiff, from which the named defendant appealed to this court, *Prescott, Suarez* and *Bishop, Js.*, which affirmed the trial court's judgment; thereafter, the court, *Hon. Barry K. Stevens*, judge trial referee, awarded attorney's fees, costs and postjudgment interest to the plaintiff, and the plaintiff appealed to this court. *Affirmed.*

*Richard E. Hayber*, for the appellant (plaintiff).

*Claire E. Ryan*, with whom, on the brief, was *Megan E. Bryson*, for the appellee (named defendant).

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Opinion*

SEELEY, J. In this action arising out of the termination of the employment of the plaintiff, David Paniccia, with the named defendant, Success Village Apartments, Inc.,[1] the plaintiff appeals from the judgment of the trial court limiting his recovery of costs pursuant to General Statutes § 31-72 to statutory, taxable costs. On appeal, the plaintiff claims that the trial court improperly concluded that costs recoverable under § 31-72 are limited to statutory, taxable costs rather than all reasonable and necessary costs. We affirm the judgment of the court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiff brought this action against the defendant alleging breach of contract, a violation of General Statutes §§ 31-71b and 31-72 for failure to timely pay wages, and breach of the implied covenant of good faith and fair dealing arising out of the termination of his employment with the defendant. The defendant denied the material allegations in the complaint and alleged seven special defenses.[2] Following a second court trial, the court, *Jacobs, J.*, rendered judgment in favor of the plaintiff on all counts of the complaint and six of the defendant's special defenses.[3] The court ordered the defendant to pay $172,969.90 in damages to the plaintiff. This court thereafter affirmed the judgment of the trial court. See

---

[1] The plaintiff also named as defendants eight individuals who served on the board of directors of Success Village Apartments, Inc. The plaintiff withdrew his complaint against them prior to the trial. Accordingly, all references in this opinion to the defendant are to Success Village Apartments, Inc.

[2] The defendant withdrew an eighth special defense prior to trial.

[3] Previously, on April 16, 2018, the trial court, *Arnold, J.*, rendered judgment in favor of the defendant on all counts but subsequently granted the plaintiff's motion to open and vacate the judgment on the ground that the decision was untimely under General Statutes § 51-183b and ordered a new trial. The trial court, *Jacobs, J.*, held a new trial over three days in December, 2019.

*Paniccia* v. *Success Village Apartments, Inc.*, 215 Conn. App. 705, 284 A.3d 341 (2022).

On November 10, 2022, the plaintiff filed a motion for attorney's fees and costs pursuant to § 31-72.[4] With regard to costs, the plaintiff sought, in broad terms, costs for Superior Court clerk fees, court filing fees, state marshal fees, process serving fees, depositions and trial transcripts, court reporter fees, parking, photocopying, focus groups, fees related to liens and lien recording, and fees related to releases. The plaintiff also filed a motion for postjudgment interest. On April 27, 2023, the trial court issued an order giving the parties the opportunity to file briefs regarding the issue of whether costs under § 31-72 are limited to taxable costs in accordance with General Statutes § 52-260, or include "nontaxable" costs, i.e., expenses not recoverable by statute as taxable costs. In response to the court's order, the defendant filed a brief in which it argued that any costs awarded pursuant to § 31-72 should be narrow in scope and limited by the statutory mandates contained in General Statutes §§ 52-257[5] and

[4] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . shall recover, in a civil action . . . twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."

[5] General Statutes § 52-257 provides in relevant part: "(a) The fees of parties in civil actions in which the matter in demand is not less than fifteen thousand dollars shall be: For each complaint, exclusive of signing and bond, five dollars for the first page and, for each succeeding page, two dollars; for each judgment file, two dollars for the first page and, for each additional page, one dollar and fifty cents. The prevailing party in any such civil action shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, fifty dollars; (2) for the trial of an issue of law or fact, seventy-five dollars, but if more than one issue of fact is tried at one time, only one trial fee shall be allowed; and (3) in difficult or extraordinary cases in the Superior Court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars.

"(b) Parties shall also receive: (1) For each witness attending court, the witness' legal fee and mileage; (2) for each deposition taken out of the state, forty dollars, and for each deposition within the state, thirty dollars; (3) on an application for the sale of property attached, the expenses incurred; (4)

52-260.[6] The plaintiff did not file a brief in response to the court's order.

in any civil action affecting the title to real property situated in this state, or affecting any mortgage or lien thereon, the actual expense, not exceeding the sum of two hundred twenty-five dollars, of an examination of the land records concerning the title to the real property in question and such amount as the court or judge determines to be reasonable for the services of an expert on the value of the land when such value is in dispute; (5) for maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action, a reasonable sum; (6) for copies of records used in evidence, bonds, recognizances and subpoenas, court and clerk's fees; (7) for the signing and service of process, the legal fees payable therefor, except that a fee shall not be allowed for the return of a subpoena to court; (8) the actual expense incurred in publishing orders of notice under direction of the court; (9) for each interpreter necessarily employed in the trial of any civil action, twenty dollars per diem; (10) for premiums upon all bonds or undertakings provided pursuant to statute, rule of court, order of court or stipulation of parties, including bonds in lieu of or in release or dissolution of attachment, the actual amount paid, not exceeding a reasonable amount; (11) documented investigative costs and expenses, not exceeding the sum of two hundred dollars; and (12) for the recording, videotaping, transcribing and presentation of the deposition of a practitioner of the healing arts, as defined in section 20-1, dentist, registered nurse, advanced practice registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser that is used in lieu of live testimony in the civil action, the reasonable expenses incurred. . . ."

[6] General Statutes § 52-260 provides in relevant part: "(a) The fees of a witness for attendance before any court, the General Assembly or any committee thereof, when summoned by the state, or before any legal authority, shall be fifty cents a day, and for travel to the place of trial, except as provided in section 54-152, shall be the same amount per mile as provided for state employees pursuant to section 5-141c. Whenever a garnishee is required to appear before any court, such garnishee shall receive the same fees as a witness in a civil action and be paid in the same manner. The clerk of the Superior Court, upon request, shall, on the day of attendance, pay the fee of any witness summoned by the state to appear before the court.

* * *

"(f) When any practitioner of the healing arts, as defined in section 20-1, dentist, registered nurse, advanced practice registered nurse or licensed practical nurse, as defined in section 20-87a, psychologist or real estate appraiser gives expert testimony in any action or proceeding, including by means of a deposition, the court shall determine a reasonable fee to be paid to such practitioner of the healing arts, dentist, registered nurse, advanced practice registered nurse, licensed practical nurse, psychologist or real estate appraiser and taxed as part of the costs in lieu of all other witness fees payable to such practitioner of the healing arts, dentist, registered nurse, advanced practice registered nurse, licensed practical nurse, psychologist or real estate appraiser. . . ."

On August 16, 2023, the court issued a memorandum of decision in which it granted the plaintiff's motions for attorney's fees and costs and for postjudgment interest. The court awarded attorney's fees of $225,000 and post-judgment interest of $34,040, plus statutory costs, and indicated that the plaintiff was permitted leave to file a bill of costs.[7] In its decision, the court noted that, "[a]lthough the plaintiff request[ed] the recovery of expenses beyond taxable, statutory costs, he [had] not presented any controlling or persuasive authority that such expenses are recoverable under § 31-72." On August 17, 2023, the plaintiff filed a motion to reargue the denial of court costs in the amount of $10,821.78. In his motion, the plaintiff contended that he was seeking reimbursement of reasonable and necessary costs of litigation, including filing fees, deposition transcript fees, and fees for process servers. The defendant filed an objection to the plaintiff's motion to reargue.

On October 20, 2023, the court denied the plaintiff's motion to reargue, concluding that the recoverable costs under § 31-72 are limited to statutory, taxable costs. The court noted that its conclusion was consistent with case law interpreting the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., which limits the recovery of costs to statutory, taxable costs. Although acknowledging that CUTPA involves a different statutory scheme, the court found the case law interpreting CUTPA persuasive, as both § 31-72 and General Statutes § 42-110g (d) allow the award of costs to the prevailing party. The plaintiff thereafter filed the present appeal.

---

[7] Practice Book § 18-5 (a) provides: "Except as otherwise provided in this section, costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk."

To date, the plaintiff has not filed a bill of costs in this case.

On appeal, the plaintiff claims that the court erred in limiting the recoverable costs under § 31-72 to statutory, taxable costs rather than all reasonable and necessary costs. Specifically, the plaintiff claims that limiting the recoverable costs in an action pursuant to § 31-72 to those provided in § 52-257 would render the legislature's use of the word "costs" in § 31-72 superfluous and contradict the remedial nature and purpose of that statute. We disagree.

We begin our analysis with the "settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute." (Internal quotation marks omitted.) *Taylor* v. *King*, 121 Conn. App. 105, 133, 994 A.2d 330 (2010); see also *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 429, 922 A.2d 1056 (2007) ("[c]osts are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them" (internal quotation marks omitted)). We next note that the issue of whether recoverable costs under § 31-72 are limited to statutory costs involves an issue of statutory interpretation, over which our review is plenary. See, e.g., *777 Residential, LLC* v. *Metropolitan District Commission*, 336 Conn. 819, 827, 251 A.3d 56 (2020).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and

unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . .” (Internal quotation marks omitted.) *Pryor* v. *Brignole*, 231 Conn. App. 659, 670–71, 333 A.3d 1112 (2025).

Section 31-72 provides in relevant part: “When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k . . . such employee . . . shall recover, in a civil action . . . twice the full amount of such wages, *with costs and such reasonable attorney’s fees as may be allowed by the court* . . . .” (Emphasis added.) The word “costs” is not defined in the statute. “Under our rules of statutory construction, ambiguity arises whenever statutory language is subject to more than one plausible interpretation.” *Pryor* v. *Brignole*, supra, 231 Conn. App. 675. It is plausible to interpret § 31-72 as providing that the costs recoverable under the statute are limited to statutory, taxable costs, as found by the trial court. As relevant to this case, those costs are found in § 52-257 (fees of parties in civil actions) and § 52-260 (witness fees). It is also plausible to interpret § 31-72 as providing that the costs recoverable under the statute include, as argued by the plaintiff, all reasonable and necessary expenses. Because the statutory language in question is subject to more than one plausible interpretation, we conclude that § 31-72 is ambiguous as applied to the facts of this case. Accordingly, § 1-2z permits us to consult extratextual sources. See id., 676.

The parties have not cited, and our research has not revealed, any legislative history that provides insight

into what costs are recoverable under § 31-72.[8] We, therefore, look for interpretive guidance to case law interpreting "costs" in other statutory schemes. For example, CUTPA contains language similar to the language in § 31-72 regarding costs. Specifically, § 42-110g (d) provides in relevant part that "the court may award . . . costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . . "

In *Miller* v. *Guimaraes*, 78 Conn. App. 760, 829 A.2d 422 (2003), the plaintiffs brought an action against the defendants asserting, inter alia, a violation of CUTPA in connection with an agreement between the parties for the sale of a lot and the construction of a residential dwelling on the lot. Id., 762, 766. On appeal from the trial court's judgment in favor of the plaintiffs, this court reversed the judgment only as to the award of $1000 in expert witness fees, stating: "We find no statutory or discretionary basis . . . for the court's award of $1000, as taxable costs for an expert who was an attorney. [Section] 52-260, relating to witness fees, sets forth the court's authority to award expert witness fees in civil litigation. Within the statute, there is an enumeration of the categories of experts entitled to a discretionary award of expert witness fees. Legal experts are not included within that enumeration. Accordingly, we conclude that the court was without authority to award, as fees, the sum of $1000 for the expert who testified as to the reasonable fees to be awarded to the plaintiffs' counsel." Id., 766, 783; see also *Taylor* v. *King*, supra, 121 Conn. App. 133–35 (declining to award expert witness fees under CUTPA for plaintiff's construction expert); *Centimark Corp.* v. *Village Manor Associates Ltd. Partnership*, 113 Conn. App. 509, 540–41, 967 A.2d 550 (applying *Miller* and declining to award expert witness fees under CUTPA for roof consulting firm), cert.

---

[8] Section 31-72 was enacted as No. 70 of the 1951 Public Acts.

denied, 292 Conn. 907, 973 A.2d 103 (2009). Thus, in the context of CUTPA, this court has held that a trial court has no authority to award expert witness fees as taxable costs unless those fees are specifically enumerated in § 52-260.[9]

We note that, in *Ulbrich* v. *Groth*, 310 Conn. 375, 461–63, 78 A.3d 76 (2013), the trial court, relying on this court's decision in *Miller* v. *Guimaraes*, supra, 78 Conn. App. 782–83, denied the plaintiffs' request for costs under CUTPA. The plaintiff's request for costs "included $5705.19 for trial equipment, $21,142.08 for transcripts, $839.45 for third party copying, $4170.10 for Westlaw research, $466.04 for delivery costs, $2672.25 for marshal fees, $350 for the jury fee and $975

[9] We are aware that the United States District Court for the District of Connecticut has held that the costs that may be awarded under CUTPA are not limited to statutory, taxable costs. In *Lavatec Laundry Technology GmbH* v. *Voss Laundry Solutions*, Docket No. 3:13-cv-00056 (SRU), 2018 WL 2426655, *17 (D. Conn. January 9, 2018) (*Lavatech Laundry*), the court stated: "CUTPA provides that the court may award . . . costs . . . over and above the . . . taxable cost provisions in state and federal law. . . . The statute fail[s] to define what costs are recoverable, but courts have awarded costs for reasonable litigation expenses . . . [that] are often incurred by counsel on behalf of the client. . . . Examples of recoverable costs include court filing fees, copying costs, messenger fees, and expert witness fees . . . as well as [c]osts for travel [and] deposition transcripts." (Citations omitted; internal quotation marks omitted.)

*Lavatech Laundry*, however, relied on *Bristol Technology, Inc.* v. *Microsoft Corp.*, 127 F. Supp. 2d 64, 82–83 (D. Conn. 2000), which was decided prior to *Miller* v. *Guimaraes*, supra, 78 Conn. App. 760. *Lavatech Laundry* does not discuss *Miller*. Similarly, in *Charts* v. *Nationwide Mutual Ins. Co.*, 397 F. Supp. 2d 357, 383–85 (D. Conn. 2005), rev'd on other grounds sub nom. *Chartschlaa* v. *Nationwide Mutual Ins. Co.*, 538 F.3d 116 (2d Cir. 2008), cert. denied, 555 U.S. 1213, 129 S. Ct. 1534, 173 L. Ed. 2d 658 (2009), the court, also relying on *Bristol Technology, Inc.*, awarded costs for expenses such as "messenger services, copies, travel and court reporter services" under CUTPA and the Connecticut Franchise Act, General Statutes § 42-133e et seq., but declined a request for expert witness fees, relying on *Miller*. The court, however, made no attempt to explain why the awarded costs should be treated differently or why *Miller* should be limited to expert witness fees. For these reasons, we do not find these cases persuasive authority demonstrating that the court may award costs pursuant to CUTPA beyond statutory, taxable costs.

for court fees." *Ulbrich* v. *Groth*, supra, 461–62. The trial court observed that "numerous trial courts have questioned the reasoning of *Miller* and its progeny because nontaxable costs are recoverable as punitive damages under the common law and construing the term 'costs' as used in § 42-110g (d) to be coextensive with the costs allowed by § 52-260 would render the costs provision of § 42-110g (d) superfluous." Id., 462. Nevertheless, the trial court recognized that it was bound by *Miller*. Id. On appeal, our Supreme Court did not consider whether to overrule the holding of *Miller* that § 42-110g (d) does not authorize the trial court to award costs that are not authorized by § 52-260 because the award of such costs was authorized by § 42-110g (a). Id.

Because § 31-72 does not authorize a court to award nontaxable costs as punitive damages, we are unable to take the same approach that the Supreme Court took in *Ulbrich*. On the contrary, we are bound by *Miller* unless overruled by this court sitting en banc or by our Supreme Court. "It is well established . . . that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . As we have often stated, this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc."[10] (Internal quotation marks omitted.) *State* v. *Dayvid J.*, 227 Conn. App. 755, 760, 322 A.3d 1126, cert. denied, 350 Conn. 919, 325 A.3d 218 (2024).

In addition to CUTPA, this court has reached a similar result in other contexts. For example, in *Arnone* v. *Enfield*, 79 Conn. App. 501, 530–35, 831 A.2d 260, cert. denied, 266 Conn. 932, 837 A.2d 804 (2003), this court

---

[10] We note that the plaintiff did not file a motion requesting that this court hear this appeal en banc. See Practice Book § 70-7.

held that the plaintiff, who had prevailed in a retaliatory discharge action pursuant to General Statutes § 31-51m, was not entitled to an award of costs for the fees of an economist who testified as an expert witness, as an economist is not a listed expert witness whose cost may be reimbursed under § 52-260 (f). The plaintiff in *Arnone* had argued that, "because § 31-51m provides some discretion to the court to award costs, §§ 52-257 and 52-260 do not apply and the court correctly awarded costs associated with [the witness'] in-court testimony. The [trial] court agreed with that reasoning. In its memorandum of decision, the court stated that to construe the term 'costs' in [§] 31-51m and [General Statutes §] 31-51q in the same manner as §§ 52-257 and 52-260 would be superfluous and give no meaning to the legislature's words." Id., 533. This court disagreed and reversed the judgment of the trial court as to the award of costs, concluding that the court's discretion to award costs under §§ 31-51m and 31-51q is "discretionary *within the bounds of the general provisions*."[11] (Emphasis added.) Id., 533–35. Thus, this court in *Arnone* rejected an argument very similar to the argument that the plaintiff advances in the present case, namely, that limiting the recoverable costs in an action pursuant to § 31-72 to those provided in § 52-257 would render the legislature's use of the word "costs" superfluous.

Although *Miller* and *Arnone* involved expert witness fees under § 52-260, we are unable to discern a reason why the litigation fees set forth in § 52-257 should be treated differently from expert witness fees under § 52-260. We note that the Supreme Court in *Ulbrich* did not

---

[11] In reaching this conclusion, we relied on *M. DeMatteo Construction Co.* v. *New London*, 236 Conn. 710, 717–18, 674 A.2d 845 (1996), in which our Supreme Court concluded that the trial court in a tax appeal brought pursuant to General Statutes § 12-117a lacked the authority under General Statutes (Rev. to 1993) § 52-260 (f) to award costs to the prevailing party for fees that a party had paid to its appraiser for his appraisal report.

view our holding in *Miller* as limited to expert witness fees. As noted previously in this opinion, the plaintiffs in that case sought nontaxable costs that did not include expert witness fees. Nevertheless, the trial court relied on *Miller* as a basis to deny the plaintiffs' request for those costs, and, because the Supreme Court found the costs otherwise recoverable under § 42-110g (a), it concluded that it did not need to "decide whether *the holding of Miller that § 42-110g (d) does not authorize the trial court to award costs that are not authorized by § 52-260* should be overruled . . . ." (Emphasis added.) *Ulbrich* v. *Groth*, supra, 310 Conn. 462.

Furthermore, just as § 52-260 contains an enumeration of the categories of experts to which a discretionary award of expert witness fees may be awarded, § 52-257 contains an enumeration of the categories of fees that may be awarded in civil actions. Most of the fees that the plaintiff requested, such as fees for deposition transcripts, court fees and process servers, are specifically covered in § 52-257. See footnote 5 of this opinion. The plaintiff could have filed a bill of costs as to these items but chose not to do so.[12] We also note that, in his appellate brief, the plaintiff has not discussed the other items for which he requested an award of costs, such as fees for focus groups, parking and photocopying. "[W]e are not required to review issues that have

---

[12] In his principal appellate brief, the plaintiff explains that he did not file a bill of costs because he did not believe he could recover any costs in light of Practice Book § 18-19, which provides: "In proceedings before a judge no costs shall be taxed in favor of either party *unless otherwise provided by statute.*" (Emphasis added.) The present case was tried to the court. Pursuant to Practice Book § 18-19, the plaintiff would not have been permitted to recover costs in the absence of statutory authorization. Section § 31-72 provides, however, that the successful plaintiff may recover costs. Contrary to the plaintiff's contention, therefore, limiting the recoverable costs pursuant to § 31-72 to those provided in § 52-257 would not render the legislature's use of the word "costs" in § 31-72 superfluous because, without that language, the plaintiff would not have been permitted to recover his costs pursuant to Practice Book § 18-19.

been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Kosiorek* v. *Smigelski*, 138 Conn. App. 695, 717–18, 54 A.3d 564 (2012), cert. denied, 308 Conn. 901, 60 A.3d 287 (2013). As to these items, therefore, we conclude that the plaintiff's claim is inadequately briefed and, therefore, decline to review it.

The plaintiff, nonetheless, urges us to follow the reasoning set forth in *Yeager* v. *Alvarez*, 134 Conn. App. 112, 114, 38 A.3d 1224 (2012), and conclude that a successful litigant in an action for unpaid wages is not limited to the "paltry" taxable costs provided in § 52-257. See footnote 5 of this opinion. In *Yeager*, this court considered how the proceeds of a negligence action are to be distributed between the employer, which intervened for the purpose of recovering workers' compensation payments, and the employee's attorney. *Yeager* v. *Alvarez*, supra, 114. Specifically, this court construed the language of General Statutes § 31-293 (a), which provides in relevant part that an employer that pays workers' compensation benefits to an injured employee is entitled to reimbursement for those payments "*after the deduction of reasonable and necessary expenditures, including attorney's fees, incurred by the employee in effecting the recovery.* . . . " (Emphasis added.) The plaintiff in *Yeager* argued that the trial court had erred by failing to deduct her reasonable and necessary expenditures incurred in effecting recovery against the defendants prior to apportioning the damages to her employer. Id., 117–18. The plaintiff argued, and this court agreed, that the "reasonable and necessary" expenditures recoverable under § 31-293 (a) are different from the enumerated fees and costs recoverable in a civil action pursuant to § 52-257. Id., 118.

We stated in *Yeager* that, "[i]f reasonable and necessary expenditures pursuant to § 31-293 (a) were limited

to those costs sought in a bill of costs, a question would arise as to the practical purpose of recovery under § 31-293 (a). In effect, if granted, the costs sought in a bill of costs already would have been paid by the opposing party, and a party would not need to request them under § 31-293 (a). Such a result would render the deduction of reasonable and necessary expenses redundant. Because [e]very word and phrase [of a statute] is presumed to have meaning . . . [a statute] must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant. . . . Ordinarily, the only costs recoverable pursuant to a bill of costs are those that are enumerated; therefore, it would be illogical to require a party to include in a bill of costs all expenditures that may have been reasonable and necessary." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Id., 121–22.

In relying on this language, however, the plaintiff overlooks the distinction that we made in *Yeager* between costs and expenses. Specifically, we stated in *Yeager* that " 'the term "costs" is a term of art having a limited, well-defined legal meaning as statutory allowances to a prevailing party in a judicial action in order to reimburse him or her for expenses incurred in prosecuting or defending the proceeding. . . . Costs are not synonymous with expenses. Because "costs" are limited to necessary expenses, they may not include everything that a party spends to achieve victory; rather, the term "expenses" refers to *those expenditures* made by a litigant in connection with an action that are *normally not recoverable from the opponent* but must be borne by the litigant absent a special statute or the exercise of judicial discretion.' . . . Whereas a bill of costs ordinarily includes only allowances that fit into the limited classification of 'costs,' § 31-293 (a) uses the broader term 'expenditures,' which includes expenses ordinarily not recoverable from the opposing party." (Citation omitted; emphasis in original.) Id., 121. Unlike

§ 31-293 (a), which was at issue in *Yeager*, § 31-72 uses the term "costs" rather than "expenditures." Read in context and in light of the distinction between the terms "costs" and "expenses," *Yeager* provides little support for the plaintiff's argument that the recoverable costs under § 31-72 are not limited to statutory, taxable costs.

Finally, the plaintiff also cites *Lemma* v. *York & Chapel, Corp.*, 204 Conn. App. 471, 254 A.3d 1020 (2021), as support for his argument that the costs recoverable under § 31-72 are not limited to statutory, taxable costs. In *Lemma*, this court affirmed the judgment of the trial court denying the defendant's application to vacate an arbitration award that had awarded arbitration fees as costs to an employee who prevailed in a claim for unpaid wages. Id., 475, 477–78. The trial court concluded in *Lemma* that the arbitrator had not acted in manifest disregard of the law in violation of General Statutes § 52-418 (a) (4) in awarding fees, stating that "the award of attorney's fees and costs does not involve any obvious error of law or the arbitrator's decision to ignore the law. As the [defendant] has not demonstrated egregious or patently irrational rejection of clearly controlling legal principles by the arbitrator, its argument with respect to the award of fees and costs fails." *Lemma* v. *York & Chapel, Corp.*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-18-5016228-S (December 19, 2019) (reprinted at 204 Conn. App. 478, 501, 254 A.3d 1028), aff'd, 204 Conn. App. 471, 478, 254 A.3d 1020 (2021). *Lemma*, however, involved an application to vacate an arbitration award on the ground that the arbitrator exceeded his powers under § 52-418 (a) (4); id.; it did not address the issue presently before this court, namely, whether the costs recoverable under § 31-72 are limited to statutory, taxable costs. This distinction is important because concluding that an arbitrator manifestly disregarded the law is very different than concluding that the arbitrator made a legal error. "Manifest disregard of the law is an

extremely deferential standard of review. [T]he manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) *Blondeau* v. *Baltierra*, 337 Conn. 127, 161, 252 A.3d 317 (2020). As the trial court recognized in *Lemma*, "[e]ven if an arbitrator misapplies the relevant law, such a misconstruction of the law [does] not demonstrate the [arbitrator's] egregious or patently irrational rejection of clearly controlling legal principles. . . . [M]anifest disregard of the law may be found only where the arbitrators understood and correctly stated the law but proceeded to ignore it." (Citation omitted; internal quotation marks omitted.) *Lemma* v. *York & Chapel, Corp.*, supra, Superior Court, Docket No. CV-18-5016228-S; see *Lemma* v. *York & Chapel, Corp.*, 204 Conn. App. 471, 478, 254 A.3d 1020 (2021) (adopting trial court's decision as "a correct statement of the facts and applicable law"). We are, therefore, not persuaded that the trial court's decision in *Lemma* provides support for the argument advanced by the plaintiff.

As previously set forth in this opinion, this court is bound by *Miller* v. *Guimaraes*, supra, 78 Conn. App. 760, and *Arnone* v. *Enfield*, supra, 79 Conn. App. 501. Pursuant to this court's precedent, we conclude, therefore, that the recoverable costs under § 31-72 are limited to statutory, taxable costs.[13]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] In reaching this conclusion, we note the plaintiff's reliance on cases interpreting the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., in support of his argument that the costs recoverable under § 31-72 are not limited to statutory, taxable costs. Although we have looked to decisions concerning the FLSA to aid in our analysis of cases involving the wage statutes; see, e.g., *Belgada* v. *Hy's Livery Service, Inc.*, 220 Conn. App. 102, 121–22, 297 A.3d 199 (2023) (looking to decisions analyzing FLSA for guidance in interpreting "work" in General Statutes § 31-76b (2) (A)); our decision in the present case is based on binding Connecticut precedent, and, therefore, we need not engage in such an analysis.